UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SHARON HOFSTRA HAUGEN, DEBRA HOPE ARMOS, Individually and on behalf of others similarly situated, | § § § § | |
| *Plaintiff,* | § | |
| vs. | § § § | CIVIL CASE NO. 3:20-cv-03667-M |
| THE NATIONAL EATING DISORDER ASSOCIATION, CLAIRE MYSKO, CHEVESE TURNER, and John Does 1-10, | § § § § | |
| *Defendants,* | § | |

**DEFENDANT THE NATIONAL EATING DISORDER ASSOCATION'S**
**ANSWER TO FIRST AMENDED COMPLAINT**

COMES NOW The National Eating Disorder Association, one of the Defendants in the above-captioned cause, and in accordance with FRCP 12 files this Answer to Plaintiffs' First Amended Complaint, and would show as follows:

## I.
## RESPONSES TO ALLEGATIONS IN PETITION

1. Defendant lacks sufficient knowledge to admit or deny for whom Plaintiffs bring this lawsuit. Defendant denies the remaining allegations in this paragraph.

2. Defendant denies the allegations contained in Paragraph 2.

3. Defendant denies the allegations contained in Paragraph 3.

4. Defendant admits the allegations contained in Paragraph 4.

5. Defendant admits the allegations contained in Paragraph 5.

6. Defendant admits the allegations contained in Paragraph 6.

7. Defendant admits the allegations contained in Paragraph 7.

8. Defendant lacks sufficient knowledge to admit or deny the allegations contained in Paragraph 8.

9. Defendant lacks sufficient knowledge to admit or deny the allegations contained in Paragraph 9.

10. Defendant admits the Court has subject matter jurisdiction. The remainder of the allegations in Paragraph 10 are denied.

11. Defendant admits the allegations contained in Paragraph 11.

12. Defendant lacks sufficient knowledge to admit or deny the allegations contained in Paragraph 12.

13. Defendant admits the allegations contained in Paragraph 13.

14. Defendant admits the allegations contained in Paragraph 14.

15. Defendant admits the allegations contained in Paragraph 15.

16. Defendant admits the allegations contained in Paragraph 16.

17. Defendant admits its material discusses starting fundraisers for impacted individuals. Defendant denies the remaining allegations contained in Paragraph 17.

18. Defendant admits the quote from its website listed in Paragraph 18. Defendant denies the remaining allegations contained in this Paragraph.

19. Defendant denies the allegations contained in Paragraph 19.

20. Defendant admits it merged with BEDA and the quotes referenced in this Paragraph were made. Defendant denies the remaining allegations contained in Paragraph 20.

21. Defendant admits BEDA was having financial difficulties at the time of the merger. Defendant denies it was not aware of BEDA's financial issues.

22. Defendant admits the allegations contained in Paragraph 22.

23. Defendant admits the allegations contained in Paragraph 23.

24. Defendant denies the allegations contained in Paragraph 24.

25. Defendant denies its mission was changed. Defendant admits the remaining allegations contained in Paragraph 25.

26. Defendant admits eating disorders are complex and "evidence based" treatment is a significant part of treatment for such disorders.

27. Defendant admits the allegations relating to use of the "three-legged stool" contained in Paragraph 27. Defendant lacks sufficient knowledge to admit or deny whether the vague scenario alleged by Plaintiff would constitute negligence. To the extent Plaintiffs allegations are intended to claim Defendant does not incorporate evidence-based treatment, that allegation is denied.

28. Defendants denies that the allegations contained in Paragraph 28 constitute NEDA's position.

29. Defendant denies the allegations contained in Paragraph 29.

30. Defendant denies the allegations contained in Paragraph 30.

31. Defendant denies the allegation it embraced "ethnically questionable undertones in its programming, and that Turner's alleged statements were NEDA's policy.

32. Defendant denies its mission was changed to a social justice political organization. Defendant admits the remaining allegations contained in Paragraph 33.

33. Defendant lacks sufficient knowledge to admit or deny the allegations contained in Paragraph 33.

34. Defendant admits it is within NEDA's mission to join the broader effort of scientists, medical doctors, and therapists to explore broadly the potential factors that cause eating disorders to occur and persist and to be open to innovative therapies. Defendant denies its position was to support the positions stated in the referenced letter to the exclusion of other theories and methods of treatment.

35. Defendant denies the allegations contained in Paragraph 35.

36. Defendant denies the allegation in Paragraph 36 that it embraces a political and social justice agenda to the exclusion of medical and mental health evidence-based treatment. Defendant lacks sufficient knowledge to admit or deny the allegations contained in the remainder of this Paragraph.

37. Defendant admits the allegation it posted a link to a Black Lives Matter resource page. Defendant denies it has formed a policy to embrace any radical political platforms espoused by that organization.

38. Defendant denies it has formed a policy to embrace any radical political platforms espoused by Black Lives Matters. Defendant lacks sufficient knowledge to admit or deny the remaining allegations contained in Paragraph 38.

39. Defendant denies it has formed a policy to embrace any radical political platforms espoused by Black Lives Matters. Defendant lacks sufficient knowledge to admit or deny the remaining allegations contained in Paragraph 39.

40. Defendant denies it has formed a policy to embrace any radical political platforms espoused by Black Lives Matters, or that its mission has changed. Defendant denies the remaining allegations contained in Paragraph 40.

41. Defendant admits the allegations contained in Paragraph 41. To the extent Plaintiff contends it is Plaintiff's contention Defendant has altered its mission, that allegation is denied.

42. Defendant denies the allegations contained in Paragraph 42 to the extent they attempt to assert an absolute. Insurance companies reimburse many forms of treatment when they are pursued by reputable treatment providers based on their clinical experience that such treatment has supported recovery.

43. Defendant denies the allegations contained in Paragraph 43 to the extent they attempt to assert an absolute. Insurance companies reimburse many forms of treatment when they are pursued by reputable treatment providers based on their clinical experience that such treatment has supported recovery.

44. Defendant denies the allegations contained in Paragraph 44 to the extent they contend Defendant has embraced a social justice treatment plan to the exclusion of evidence based medical and mental health treatment.

45. Defendant denies is has "fully embraced political and social justice movements and distanced from evidence-based medical and mental health treatment." Defendant admits it continued to solicit donations but denies it had developed a "new mission." As Defendant did not have a "new mission," Defendant denies it had a duty to inform potential donors of the alleged "new mission."

46. Defendant admits non-profit foundations should accurately disclose the mission for which they are soliciting donations.

47. Defendant admits the allegations contained in Paragraph 47.

48. Defendant denies the allegations contained in Paragraph 48.

49. Defendant denies the allegations contained in Paragraph 49.

50. Defendant denies the allegations contained in Paragraph 50.

51. Defendant admits the allegation in created the "Heal with Grace" initiative. Defendant denies the remaining allegations contained in Paragraph 51.

52. Defendant admits it has not sponsored a federal eating disorder bill since 2013. Defendant denies it had a legal duty to disclose such information unless the failure to do so would be misleading to potential donors.

53. Defendant denies the allegations contained in Paragraph 53.

54. Defendant denies the allegations contained in Paragraph 54.

55. Defendant lacks sufficient knowledge to admit or deny the allegations contained in Paragraph 55.

56. Defendant lacks sufficient knowledge to admit or deny the allegations contained in Paragraph 56.

57. Defendant denies the allegations contained in Paragraph 57.

58. Defendant admits the allegations contained in Paragraph 58.

59. Defendant denies the allegations contained in Paragraph 59.

60. Defendant denies there is a class of individuals who have been damaged as alleged by Plaintiff. Defendant admits the remaining allegations in this Paragraph.

61. Defendant denies the allegations contained in Sections A – J of Paragraph 61.

62. Defendant lacks sufficient knowledge to admit or deny the allegation contained in Paragraph 62.

63. Defendant denies the allegations contained in Paragraph 63.

64. Defendant denies the allegations contained in Paragraph 64.

65. Defendant denies the allegations contained in Paragraph 66 as set forth above.

66. Defendant denies the mission of NEDA was changed as alleged in Paragraph 66.

67. Defendant denies the allegations contained in Paragraph 67.

68. Defendant denies it embraced social justice or political issues to the exclusion of evidence-based treatment. Defendant denies that persons affected by eating disorders support organizations because of sole reliance on evidence-based care, rather than results.

69. Defendant admits BEDA had financial issues which affected it ability to continue to operate.

70. Defendant denies the allegations contained in Paragraph 70.

71. Defendant denies the allegations of fraud contained in Paragraph 71. Defendant admits sending the emails quote as A through N.

72. Defendant denies the allegations contained in Paragraph 72.

73. Defendant denies the allegations contained in Paragraph 73.

74. Defendant denies the allegations contained in Paragraph 74.

75. Defendant denies the allegations contained in Paragraph 75.

76. Defendant denies the allegation contained in Paragraph 76 as set forth above.

77. Defendant admits Plaintiffs bring suit pursuant to the Uniform Declaratory Judgment Act. Defendant denies Plaintiffs are entitled to recover pursuant to said Act.

78. Defendant denies the allegations contained in Paragraph 78.

79. Defendant admits the allegations contained in Paragraph 79.

80. Defendant denies informal or unauthorized declarations are evidence of a corporation's charitable purpose. Defendant admits the remaining allegations in Paragraph 80.

81. Defendant denies the allegations contained in Paragraph 81.

82. Defendant denies diverting donations to political or social justice issues. Defendants deny Plaintiffs are entitled to a declaration from the Court regarding the percentage of donations which can be claimed as tax deductible. Defendant denies a person's circumstances may not have some affect on an eating disorder.

83. Defendant denies the allegations contained in Paragraph 83.

84. Defendant denies the allegations contained in Paragraph 84 as set forth above.

85. Defendant denies the allegations contained in Paragraph 85.

86. Defendant denies the allegations contained in Paragraph 86.

87. Defendant denies the allegations contained in Paragraph 87.

88. Defendant denies the allegations contained in Paragraph 88.

89. Defendant denies the allegations contained in Paragraph 89.

90. Defendant denies the allegations contained in Paragraph 90.

91. Defendant denies the allegations contained in Paragraph 91 as set forth above.

92. Defendant denies Plaintiffs are entitled to recover for unjust enrichment.

93. Defendant denies the allegations contained in Paragraph 93.

94. Defendant denies the allegations contained in Paragraph 94.

95. Defendant denies the allegations contained in Paragraph 95 as set forth above.

96. Defendant denies Plaintiffs are entitled to recover for negligent representation.

97. Defendant denies the allegations contained in Paragraph 97.

98. Defendant denies the allegations contained in Paragraph 98.

99. Defendant denies the allegations contained in Paragraph 99.

100. Defendant denies the allegations contained in Paragraph 100.

101. Defendant denies the allegations contained in Paragraph 101.

102. Defendant denies the allegations contained in Paragraph 102 as set forth above.

103. Defendant denies the allegations contained in Paragraph 103.

104. Defendant denies the allegations contained in Paragraph 104.

105. Defendant denies the allegations contained in Paragraph 105 as set forth above.

106. Defendant denies the allegations contained in Paragraph 106.

107. Defendant denies the allegations contained in Paragraph 107.

108. Defendant denies Plaintiffs are entitled to the recovery sought.

109. Defendant denies the allegations contained in Paragraph 109.

110. Defendant denies the allegations contained in Paragraph 110 as set forth above.

111. Defendant denies the allegations contained in Paragraph 111.

112. Defendant denies the allegations contained in Paragraph 112.

113. Defendant denies the allegations contained in Paragraph 113.

114. Defendant denies the allegations contained in Paragraph 114.

115. Defendant denies the allegations contained in Paragraph 115.

116. Defendant denies the allegations contained in Paragraph 116.

117. Defendant denies the allegations contained in Paragraph 117.

118. Defendant denies the allegations contained in Paragraph 118.

119. Defendant denies the allegations contained in Paragraph 119.

120. Defendant denies the allegations contained in Paragraph 120.

121. Defendant denies the allegations contained in Paragraph 121.

122. Defendant admits Paragraph 122 correctly states the elements of RICO claim.

123. Defendant admits paragraph 123 correctly states a required element for a RICO claim. Defendant lacks sufficient information to admit or deny if the John Doe Defendants qualify as persons.

124. Defendants admits Paragraph 124 states an element of a RICO claim.

125. Defendant denies the allegations contained in Paragraph 125.

126. Defendant denies the allegations contained in Paragraph 126.

127. Defendant denies the allegations contained in Paragraph 127.

128. Defendant denies the allegations contained in Paragraph 128.

129. Defendant denies the allegations contained in Paragraph 129.

130. Defendant denies the allegations contained in Paragraph 130.

131. Defendant denies the allegations contained in Paragraph 131.

132. Defendant denies the allegations contained in Paragraph 132.

133. Defendant denies the allegations contained in Paragraph 133.

134. Defendant denies the allegations contained in Paragraph 134.

135. Defendant denies the allegations contained in Paragraph 135.

136. Defendant denies the allegations contained in Paragraph 136.

137. Defendant denies the allegations contained in Paragraph 137.

138. Defendant denies the allegations contained in Paragraph 138.

139. (Omitted)

140. Defendant denies the allegations contained in Paragraph 140.

141. Defendant denies the allegations contained in Paragraph 141.

142. Defendant denies Plaintiffs are entitled to recovery.

143. Defendant admits Plaintiffs are entitled to a jury trial.

**PRAYER**

WHEREFORE, PREMISES CONSIDERED, Defendant prays that all relief requested by Plaintiffs be denied, that judgment be entered that Plaintiff take nothing against Defendant, and that Defendant recover court costs, attorney's fees, and such other relief, at law and in equity, to which they may be justly entitled.

Respectfully Submitted,

**RESNICK & LOUIS, P.C.**

*/s/ J. Kevin Kindred*
J. Kevin Kindred
Bar No. 11432680
kkindred@rlattorneys.com
Dean J. Siotos
Bar No. 00793018
dsiotos@rlattorneys.com
325 N. St. Paul Street, Suite 3100
Dallas, TX 75201
For Service: mail@rlattorneys.com
972.332.5973 – Office/Facsimile
**ATTORNEY FOR DEFENDANT THE NATIONAL EATING DISORDER ASSOCIATION**

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document has been forwarded to all counsel of record in accordance with the Texas Rules of Civil procedure, on this, the 19th day of April, 2021.

*/s/ J. Kevin Kindred*
J. Kevin Kindred